**ZHU QING CHEN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Respondent.**

No. 07–3474–ag.

United States Court of Appeals, Second Circuit.

March 21, 2008.

Dehai Zhang, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division; Barry J.

Pettinato, Assistant Director; Andrea N. Gevas, Trial Attorney, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhu Qing Chen, a citizen of the People's Republic of China, seeks review of a July 27, 2007 order of the BIA affirming the July 14, 2005 decision of Immigration Judge ("IJ") Elizabeth A. Lamb denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhu Qing Chen,* No. A 95 864 746 (B.I.A. July 27, 2007), *aff'g* No. A 95 864 746 (Immig.Ct.N.Y.City, July 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

"When the BIA agrees with an IJ's ultimate credibility determination but emphasizes particular aspects of the IJ's reasoning, the Court reviews both the BIA's and the IJ's opinions, including those portions of the IJ's decision that the BIA did not explicitly discuss." *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

◼ As an initial matter, the IJ found, and the BIA agreed, that Chen failed to establish eligibility for relief under the CAT. However, Chen failed to raise the denial of her claim for CAT relief in her appeal to the BIA, and failed to sufficiently argue it in her brief to this Court. Accordingly, her claim for relief under the CAT is deemed abandoned and we will not address it further. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007) (per curiam).

◼ Further, because Chen does not raise a constitutional claim or question of law regarding the timeliness of her asylum application, we lack jurisdiction to review the agency's pretermission of her asylum claim. *See* 8 U.S.C. §§ 1158(a)(3), 1252(a)(2)(D); *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 324 (2d Cir.2006); *see also Gui Yin Liu,* 508 F.3d at 720–22. Accordingly, we proceed to review Chen's challenge to the IJ's credibility finding to the extent it was dispositive of her application for withholding of removal.

We find that the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly found inconsistent Chen's testimony regarding the medical examinations she was subjected to pursuant to the family planning policy. Chen initially testified that she did not have any exams other than a urine test, but later testified that each year, she was required to have a gynecological exam and three sonograms. Further, Chen testified that after being required to submit to a sonogram in January 1998, she was subjected to a forced abortion. However, she also testified that she was compelled to have sonograms in February, May, and September of 1998, and that the February sonogram was the earliest sonogram she had that year. Because these inconsistencies concerned the central element of Chen's claim that she was persecuted pur-

suant to China's family planning policy, they were plainly "material to h[er] claim of persecution," *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir.2004), overruled on other grounds by, *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d cir.2007) (in banc), and "substantial" when measured against the record as a whole, *see Secaida–Rosales v. INS*, 331 F.3d 297, 308–09 (2d Cir.2003). Therefore, the IJ properly relied on these inconsistencies as a basis for her adverse credibility determination.

Moreover, the IJ reasonably found that Chen's testimony about the sonograms she had in 1997 was implausible. Chen testified that she was required to have sonograms so the authorities could ensure that she was not pregnant. She further testified that her first child was born in June 1997, but that she was also compelled to have sonograms in February and May 1997. Because she was assertedly pregnant in February and May 1997, the implausibility finding was tethered to the record. *See Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir.2007) (per curiam) (providing that the Court will not disturb the inherent implausibility finding when "[t]he IJ's finding is tethered to record evidence, and there is nothing else in the record from which a firm conviction of error could properly be derived").

Because the credibility findings identified above were material and substantial, they provide ample support for the IJ's adverse credibility determination. *See Secaida–Rosales*, 331 F.3d at 308–09. As such, we need not review the balance of the IJ's findings. Even assuming they were in error, remand would be futile. Based on the properly-made findings outlined above, we can "confidently predict"

that the IJ would reach the same decision on remand. *Xiao Ji Chen*, 471 F.3d at 339.

Because the only evidence of a threat to Chen's life or freedom depended on her credibility, the IJ properly found that Chen failed to meet the burden of proof required for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.